IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| WILLIS GRAYSON, | § | |
| | § | |
| Plaintiff Below, | § | No. 323, 2019 |
| Appellant, | § | |
| | § | Court Below: Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| JAMES SCARBOROUGH, et al., | § | C.A. No. N19A-01-001 |
| | § | |
| Defendants Below, | § | |
| Appellees. | § | |
| | § | |

Submitted: September 23, 2019
Decided: October 29, 2019

Before **VALIHURA**, **SEITZ**, and **TRAYNOR**, Justices.

# **O R D E R**

After consideration of the notice to show cause and the responses, it appears to the Court that:

(1)    The appellant, Willis Grayson, filed a notice of appeal from a Superior Court order that dismissed Grayson's appeal to that court from an order of the Court of Common Pleas ("CCP"), dated September 13, 2018, in which CCP dismissed the appellant's complaint.  The Superior Court dismissed the appeal because Grayson had failed to pay the CCP fee to process the appeal.  Grayson's appeal from CCP to the Superior Court was also untimely, because it was filed on December 31, 2018,

more than thirty days after the Court of Common Pleas entered the order dismissing the complaint.[1]

(2) This Court does not have jurisdiction to consider an appeal directly from the Court of Common Pleas.[2] Rather, an appellant must first perfect an appeal in the Superior Court. Moreover, an appellate court may dismiss an appeal if a litigant fails to pay the fees required by the trial court in connection with an appeal.[3] Having failed to perfect an appeal in the Superior Court by filing a timely notice of appeal in that court and paying the required fees, Grayson cannot revive his claims by filing an appeal in this Court.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[1] *See* 10 *Del. C.* § 1326(b) (providing that an appeal from CCP to the Superior Court "shall be taken within 30 days of the final order, ruling, decision or judgment").

[2] DEL. CONST. art. IV, § 11; *Biggins v. Kliery*, 2017 WL 1381355 (Del. Apr. 17, 2017).

[3] *See, e.g.*, *Casey v. Busillo*, 2019 WL 4941714 (Del. Oct. 7, 2019) (dismissing appeal because appellant failed to pay fee charged by Family Court in connection with the appeal).